<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANICE MARSHACK, | |
| Plaintiff, | |
| v. | Civil Action No. 19-12840 (MAS) |
| COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM OPINION** |
| Defendant. | |

<u>**SHIPP, District Judge**</u>

    This matter comes before the Court upon Plaintiff Janice Marshack's ("Plaintiff") appeal from the final decision of Andrew Saul, Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying her request for benefits. (Compl., ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge.

**I.**    <u>**BACKGROUND**</u>

    **A.**    **Procedural History**[1]

    Plaintiff filed an application for Social Security Disability Insurance in September 2014, alleging an onset date of April 19, 2013. (AR 179-82, 203.) Plaintiff's application was denied

---

[1] The Administrative Record ("AR") is located at ECF Nos. 4-1 through 4-11. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

initially and upon reconsideration. (*Id.* at 119-23, 131-33.) The Administrative Law Judge ("ALJ")
conducted an administrative hearing on December 19, 2017, following which the ALJ issued a
decision finding that Plaintiff was not disabled. (*Id.* at 17-59, 97-112.) On March 21, 2019, the
Appeals Council denied Plaintiff's request for review. (*Id.* at 1-3.) On May 23, 2019, Plaintiff filed
an appeal to the United States District Court for the District of New Jersey.[2] (ECF No. 1.) Plaintiff
filed her moving brief on October 7, 2019 (Pl.'s Moving Br., ECF No. 8), the Commissioner filed
opposition on December 20, 2019 (Def.'s Opp'n Br., ECF No. 11), and Plaintiff filed a reply on
January 6, 2020 (Pl.'s Reply Br., ECF No. 12).

### B.    The ALJ's Decision

On April 27, 2018, the ALJ rendered a decision. (AR 97-112.) The ALJ set forth the Social
Security Administration's five-step sequential process for determining whether an individual is
disabled. (*Id.* at 98-99.) The ALJ initially found that Plaintiff last met the insured status
requirements of the Social Security Act on September 30, 2017. (*Id.* at 99.) At step one, the ALJ
found that Plaintiff had not engaged in substantial gainful activity ("SGA") during the period from
her alleged onset date of April 19, 2013, through her last insured date of September 30, 2017. (*Id.*
at 100.) At step two, the ALJ found that Plaintiff had the severe impairments of "degenerative disc
disease; rheumatoid arthritis; abnormal kidney functioning and Grave's disease." (*Id.* at 100.)

At step three, the ALJ determined that none of Plaintiff's impairments, or combination of
impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R.
Part 404, Subpart P, Appendix 1. (*Id.* at 106.) The ALJ next found that Plaintiff possessed the
residual functional capacity ("RFC"):

---

[2] Plaintiff was represented by different counsel through the administrative hearing than on the
current appeal. (*See* AR 17, 19, 174-76.)

> to perform sedentary work as defined in 20 CFR 404.1567(a) except she must be permitted to alternate between sitting and standing as needed; frequently reach overhead and in all other directions; occasionally climb ramp/stairs; never climb ladders/scaffolds; occasionally balance, stoop, work with moving mechanical parts, operate a motor vehicle and have occasional concentrated exposure to cold; never crouch, kneel or crawl; never work at unprotected heights; must avoid concentrated exposure to extreme heat; can have occasional exposure to vibration; will be off-task 10% of the time (in addition to normal breaks) in an 8-hour workday and will be absent from work [two] days a month.

(*Id.* at 107.)

At step four, the ALJ found that, through the date last insured, Plaintiff was capable of performing past relevant work as a telephone solicitor. (*Id.* at 111.) The ALJ, consequently, found that Plaintiff was not under a disability from the alleged onset date of April 19, 2013, through the date last insured of September 30, 2017. (*Id.*)

## II.   LEGAL STANDARD

### A.   Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *See Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Daring v. Heckler*, 727 F.2d 64, 68 (3d Cir. 1984). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

3

Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (internal citation omitted).

### B.     Establishing Disability

In order to be eligible for disability benefits, a claimant must be unable to "engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the first two steps are satisfied, the third step requires the claimant to provide evidence that her impairment is equal to one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and is entitled to disability benefits. *Id.* If she cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits her to resume her previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform her previous line of work, then she is not "disabled" and not entitled to disability benefits. 20 C.F.R. § 404.1520(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). If under the fourth step the claimant is unable to return to her previous work, the analysis proceeds to step five. 20 C.F.R. § 404.1520(e).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with her medical impairments, age, education, past work

experience, and RFC. *Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. 20 C.F.R. § 404.1520(g).

### III.   DISCUSSION

Plaintiff argues that the ALJ erred in failing to find Plaintiff's mental impairments severe at step two of the sequential analysis. (Pl.'s Moving Br. 16-18.) Plaintiff also argues that the ALJ erred in failing to consider the impairments in the formulation of Plaintiff's RFC. (*Id.* at 18-19.) In addition, Plaintiff argues that the ALJ "erred in his evaluation of Plaintiff's severe pain." (*Id.* at 19-22.) The Court finds Plaintiff's arguments unavailing. Here, the Court finds that the ALJ's step two determination, RFC determination, and evaluation of Plaintiff's pain were all supported by substantial evidence. The Court will examine each, in turn.

### A.   The ALJ's Step Two Determination

Plaintiff argues that the ALJ erred at step two of the sequential analysis in failing to find her anxiety disorder, depressive disorder, and affective disorder severe. (Pl.'s Moving Br. 16-18.) The ALJ found that Plaintiff's "medically determinable mental impairments of anxiety disorder, depressive disorder and affective disorder, considered singly and in combination, did not cause more than minimal limitation in [Plaintiff's] ability to perform basic work activity and were therefore non[-]severe." (AR 102.)

The step two analysis to determine whether a plaintiff suffers from a severe impairment is "a *de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). If an ALJ identifies one or more severe impairments at step two of the sequential analysis, an erroneous conclusion that other impairments were non-severe would constitute harmless error. *Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (citing *Rutherford*, 399 F.3d at 553).

In reaching his decision regarding the severity of Plaintiff's impairments, the ALJ engaged in a detailed discussion of the record evidence. The ALJ stated that he: (1) assigned great weight to a Global Assessment of Functioning score of 70 in 2012-13 progress notes because it was consistent with Plaintiff's broad range of daily activities and minimal mental status examination findings; (2) assigned limited weight to a 2014 report prepared by a treating mental health care professional because the physician had not seen Plaintiff since June 2012 and was unaware of Plaintiff's current medical status; and (3) assigned great weight to the December 2014 opinions of Dr. Harris, a state agency psychological consultant, because the findings were consistent with Plaintiff's normal mental status examinations, broad range of daily activities and minimal need for mental health treatment. (AR 102-03.)

In finding that Plaintiff's anxiety, depressive, and affective disorders were not severe impairments, the ALJ also discussed a November 2014 consultative examination performed by Victoria Miller, Ph.D., and a July 2015 consultative examination performed by Zulfiqar Rajput, M.D. (*Id.*) With respect to Dr. Miller's November 2014 consultative examination, the ALJ noted that Plaintiff: (1) drove herself to the appointment; (2) attended the examination alone; (3) "endorsed depression secondary to her physical conditions/limitations, but denied any current psychiatric treatment or psychotherapy"; and (4) indicated that she had disrupted sleep but "denied any perceptual disturbances, paranoia, mania, anxiety or suicidal/homicidal ideation." (*Id.* at 103.) The ALJ also noted:

> Mental status exam revealed [Plaintiff] was alert, coherent, casually dressed, adequately groomed, exhibited normal psychomotor behavior, had fluent speech with a pleasant/cooperative disposition, made good eye contact, was fully oriented, could spell WORLD forward and backwards, could perform serial 7s, registered 3/3 objects immediately and after [five] minutes, had a neutral mood with restricted affect and had fair judgment, insight and impulse control with no indication of any thought disorder. [Plaintiff]

> admitted she could care for herself with regard to grooming, bathing, and hygiene, but endorsed chronic anhedonia due to pain. She also complained of concentration problems, impaired focus, isolative tendencies and reliance on her husband for cooking, cleaning and shopping. Dr. Miller diagnosed [Plaintiff] with depressive disorder.

(*Id.*)

The ALJ assigned "partial weight" to "[a]ny suggestion that this impairment is severe." (*Id.*) While the ALJ recognized Plaintiff's medically determinable mental impairment of depressive disorder, he found it non-severe considering Plaintiff's lack of treatment and normal mental status examination findings. (*Id.*)

With respect to Dr. Rajput's July 2015 consultative examination, the ALJ noted Plaintiff's complaints of feeling sad most of her life, anxiety/nervousness, poor concentration and attention, inability to think clearly, poor sleep, passive death wishes, occasional crying spells, hopelessness/helplessness, and yelling/screaming when frustrated. (*Id.* at 102.) The ALJ also stated:

> [Plaintiff] denied any history of inpatient psychiatric hospitalizations or of any psychotropic medications. Mental status examination revealed [Plaintiff] drove herself to this exam, was calm/cooperative, maintained good eye contact, had fair hygiene/grooming, exhibited normal behavior, had clear sensorium, was awake, alert and fully oriented, but had a sad mood and constricted affect. She exhibited normal speech, logical/goal-directed thought processes, could spell TABLE forward and backwards, recalled 3/3 items immediately and 2/3 after [five] minutes, had good long-term memory and abstraction, retained good insight/judgment, had no thought pattern disturbances and denied any perceptual disturbances. Dr. Rajput diagnosed [Plaintiff] with major depressive disorder and generalized anxiety disorder and recommended she see a psychiatrist/therapist and take antidepressant medications.

(*Id.*)

The ALJ then assigned "little weight" to "any suggestion that [Plaintiff's] mental impairments are severe" because the record revealed minimal psychiatric treatment or psychotropic medication. (*Id.*) The ALJ additionally noted that Plaintiff had a "broad range of residual daily activities and minimal findings upon mental status examination." (*Id.*)

In reaching his determination, the ALJ also discussed the "paragraph B" criteria for evaluating mental disorders. (*Id.* at 103-04.) The ALJ found that Plaintiff had no limitations in: (1) understanding, remembering, or applying information; (2) interacting with others; and (3) her ability to adapt or manage herself. (*Id.* at 104.) The ALJ found that Plaintiff had mild limitations in her ability to concentrate, persist, or maintain pace. (*Id.*) Based on his consideration of the "paragraph B" criteria, the ALJ concluded that Plaintiff's medically determinable mental impairments were not severe because they did not cause more than a "mild" limitation in any of the functional areas. (*Id.*)

Here, the ALJ provided sufficient reasoning for the Court to find that the ALJ's step 2 determinations were supported by substantial evidence.[3]

## B.     The ALJ's RFC Determination

Plaintiff argues that even if the ALJ properly found Plaintiff's psychiatric impairments non-severe, the ALJ erred in failing to consider the impairments in the formulation of Plaintiff's RFC. (Pl.'s Moving Br. 18-19.) According to Plaintiff, due to her "advanced age, 52 at her alleged onset date, and the physical restrictions assessed by the ALJ, a 'moderate' or perhaps a 'mild' psychiatric limitation impacting the Plaintiff's ability to perform [her] specific past-work would

---

[3] Even if the ALJ's conclusion that Plaintiff's anxiety, depression, and affective disorders were not severe was erroneous, such error was harmless. *See Salles*, 229 F. App'x at 145 n.2 (citing *Rutherford*, 399 F.3d at 553).

likely result in a finding of 'Disabled,' pursuant to the Medical-Vocational Guidelines." (*Id.* at 19)
(internal citation omitted).

Defendant argues that the ALJ accounted for Plaintiff's mental limitations in crafting her
RFC. (Def.'s Opp'n Br. 16.) Defendant further argues:

> [Plaintiff] ignores the ALJ's finding that Plaintiff could only
> perform jobs that would allow her to be off-task for 10% of the time
> (in addition to normal breaks) during an eight-hour workday. By
> including such a limitation in the RFC finding, the ALJ translated
> his paragraph B criteria finding that Plaintiff had mild limitations in
> the area of concentrating, persisting, or maintaining pace into a
> specific mental work-related restriction. By contrast, however, the
> record—including Plaintiff's virtually nonexistent mental health
> treatment history, her benign mental status examination findings, the
> state agency medical opinions that her mental conditions were not
> severe, and her robust daily activities—did not credibly support
> additional mental limitations.

(Def.'s Opp'n Br. 16-17 (internal citations omitted)). According to Defendant, the ALJ's inclusion
of a mental RFC finding captures the restrictions stemming from Plaintiff's non-severe mental
disorders. (*Id.* at 17.) The Court agrees with Defendant.

Plaintiff's argument that the ALJ failed to account for her psychiatric impairments in
formulating her RFC is not persuasive. The ALJ discussed the psychiatric evidence of record in
detail at step two and his discussion includes the reasons for the weight the ALJ afforded to the
evidence. (AR 102-04.) For example, as discussed in III.A *supra* with respect to Dr. Miller's
evaluation, Plaintiff "endorsed depression secondary to her physical conditions/limitations, but
denied any current psychiatric treatment or psychotherapy."[4]

---

[4] This is consistent with Plaintiff's position at the administrative hearing. The ALJ asked Plaintiff's
prior counsel at the hearing whether Plaintiff was alleging depression as a severe impairment. (AR
28.) Plaintiff's prior counsel responded, "Yes, Your Honor, however I would stipulate that it is a
subset of the overriding disabilities that are more of the physical nature." (*Id.*)

Because the ALJ thoroughly discussed the psychiatric evidence of record at step two and found that Plaintiff's psychiatric impairments were not severe does not mean that the ALJ failed to consider those impairments in formulating Plaintiff's RFC. Indeed, the ALJ recognized, "[t]he following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." (AR 104.) Notably, an ALJ's decision is not required to follow a particular format as long as the ALJ's opinion as a whole permits meaningful judicial review. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Here, the ALJ relied upon "such relevant evidence as a reasonable mind might accept as adequate to support" the limitations contained in the RFC assessment. *Richardson*, 402 U.S. at 401. The Court, consequently, finds that the RFC assessment was supported by substantial evidence.

### C.    The ALJ's Evaluation of Plaintiff's Pain

Plaintiff argues that the ALJ erred in his evaluation of Plaintiff's severe pain. (Pl.'s Moving Br. 19-22.) Plaintiff further argues that the evidence of record supports her testimony regarding the extent of her pain and the limitations caused by the pain. (*Id.* at 20-22.) Plaintiff asserts that "the ALJ relied on the absence of definitive objective evidence to discount all Plaintiff's claims of pain, and thus, assigned no limitations secondary to this pain in the RFC. This is not harmless error." (*Id.* at 22) (internal citation omitted).

Defendant argues that the ALJ did not ignore Plaintiff's complaints regarding pain. (Def.'s Opp'n Br. 18.) Defendant asserts that:

> Plaintiff's argument . . . is directly undermined by the ALJ's comprehensive RFC finding. The ALJ limited Plaintiff to sedentary work (the least physically demanding work prescribed by the regulations) with a sit/stand option, a 10% off-task limitation, and the ability to be absent from work two days a month, as well as numerous postural, reaching, and environmental restrictions. The ALJ's restrictive RFC finding proves that the ALJ readily

>           acknowledged and fully appreciated that Plaintiff experienced
>           ongoing pain that did not fully resolve with treatment.

(*Id.*) (internal citations omitted).

An individual's statements regarding pain or other symptoms are not alone conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A). An ALJ must determine the extent to which a claimant accurately states her degree of pain and level of disability. *See Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). The weight afforded by the ALJ to a claimant's subjective complaints is accorded great deference upon appeal. *See St. George Warehouse, Inc. v. NLRB*, 420 F.3d 294, 298 (3d Cir. 2005). In addition, the weight afforded by an ALJ to a claimant's subjective complaints is "virtually unreviewable on appeal." *Hoyman v. Colvin*, 606 F. App'x 678, 681 (3d Cir. 2015) (quoting *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002)). "[S]ubjective symptom evaluation is not an examination of an individual's character." SSR 16-3P.

In reaching his decision, the ALJ discussed Plaintiff's testimony regarding her pain and other symptoms. (AR 108.) The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. (*Id.* at 109.) The ALJ also found, however, that Plaintiff's statements regarding the persistence, intensity, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. (*Id.*) The ALJ set forth his reasoning for these findings, including: (1) Plaintiff's vacations, which involved walking; and (2) a function report, in which Plaintiff "admitted she prepared meals, paid bills, used a computer, drove a vehicle, could go out alone, shopped in stores, handled finances, finished tasks (albeit slowly) and got along with authority figures (Exhibit 5E)." (*Id.*) The ALJ also discussed Plaintiff's medical examinations, diagnoses, procedures, and medications. (*Id.* at 108-10.) For example, the ALJ stated:

> The record reveals a history of rheumatoid arthritis dating back several years that primarily affected her joints, such as her knees, hands and ankles, with treatment notes indicating this condition waxed and waned (Exhibit 26F). A May 2017 follow-up note indicated the claimant had no specific swelling, redness or warmth in her joints, and walked with a normal gait with full range of motion in all extremities, though she had diffuse pain, including at rest and with activity.

(*Id.* at 110.) In addition, the ALJ discussed the opinion evidence from the state agency medical consultants. (*Id.* at 110-11.) In doing so, the ALJ explained his finding that Plaintiff is "more limited . . . than determined by these consultants due to the combination of physical impairments, fatigue, numbness, and other symptoms."[5] (*Id.* at 111.) While Plaintiff raised numerous arguments and referenced various items of record, Plaintiff did not demonstrate limitations beyond those set forth in her RFC. Based on its consideration of the record in this matter, the Court finds that the ALJ's findings regarding Plaintiff's subjective complaints are supported by substantial evidence.

## IV.   CONCLUSION

For the foregoing reasons, the Court affirms the decision of the ALJ. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** May 31, 2020

---

[5] No doctor—treating, evaluating, or reviewing—opined that Plaintiff could not work due to her impairments or indicated that Plaintiff required more limitations than the ALJ set forth in Plaintiff's RFC.