**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JANICE MARSHACK,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil Action No. 19-12840 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Janice Marshack's ("Plaintiff") Motion to Alter or Amend Judgment. (ECF No. 17.) Defendant Commissioner of Social Security ("Defendant" or "Commissioner") opposed the motion (ECF No. 18), and Plaintiff replied (ECF No. 19). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1.

**I.    BACKGROUND**

    The Court adopts the procedural and factual background detailed in its May 31, 2020, Memorandum Opinion. *Marshack v. Comm'r of Soc. Sec.*, No. 19-12840, 2020 WL 2840070, at *1-2 (D.N.J. May 31, 2020), ECF No. 14. In that Opinion, the Court affirmed the decision of the Administrative Law Judge ("ALJ") that presided over Plaintiff's Social Security Disability Insurance application and determined that she was not disabled. *Id.* at *3-7. In so doing, the Court held that the "ALJ's step two determination, RFC determination, and evaluation of Plaintiff's pain were all supported by substantial evidence." *Id.* at *3.

Three weeks after the Court issued its final Order and Opinion, new counsel appeared on behalf of Plaintiff and filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e).[1] (Pl.'s Moving Br., ECF No. 17-1.) In that motion, Plaintiff raised for the first time the argument that the ALJ was unconstitutionally appointed under the Appointments Clause. (*Id.* at 2-5 (citing U.S. Const. Art. II, § 2, cl. 2).) Plaintiff's Motion further advanced that her failure to raise this argument earlier should be excused because intervening law would have changed the Court's Opinion (*id.* at 2-5), and because manifest injustice occurred when an unconstitutionally appointed ALJ presided over Plaintiff's case (*id.* at 6). The Commissioner rebuts that Plaintiff could have raised this argument prior to the Court's May 2020 decision but failed to do so. (*See* Def.'s Opp'n Br. *2, ECF No. 18.)[2] The Commissioner does not contest that the ALJ presiding over Plaintiff's case was unconstitutionally appointed at the time.

## II.    LEGAL STANDARD

The Court may alter or amend a judgment under Rule 59(e) if the moving party can establish any of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (alterations in original and internal citations omitted).

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995)). "A

---

[1] All references to "Rule" hereafter refer to the Federal Rules of Civil Procedure.

[2] Pages preceded by asterisks indicate the pagination in the CM/ECF header.

Rule 59(e) motion may not be used to . . . raise arguments . . . that could reasonably have been raised before the entry of judgment." *Devon IT, Inc. v. IBM Corp.*, No. 10-2899, 2013 WL 6721748, at *2 (E.D. Pa. Dec. 20, 2013) (citing *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52-53 (2d Cir. 2012)). Thus, the standard is "an exacting one." *Ivan v. Cnty. of Middlesex*, 612 F. Supp. 2d 546, 550 (D.N.J. 2009).

### III. DISCUSSION

Plaintiff argues that altering the judgment is warranted because of an intervening change in controlling authority or to correct a manifest injustice. The Court addresses each argument in turn.

Plaintiff's first argument fails for the simple reason that no intervening change in controlling law occurred. Plaintiff posits that the Court should amend or alter the judgment because two cases illustrate the impropriety of the Court's prior ruling: the Supreme Court's decision in *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), and the U.S. Court of Appeals for the Third Circuit's subsequent decision in *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020). *Lucia* held that the Securities and Exchange Commission's ALJs are "Officers of the United States" subject to the Appointments Clause, which required appointment by only the President, "Courts of Law," or "Heads of Departments." 138 S.Ct. at 2051-54 (citing Art. II, § 2, cl. 2). As a result, ALJs that were not appointed accordingly were appointed unconstitutionally and any decision that ALJ rendered was susceptible to challenge.[3] *Cirko*, decided after the parties submitted briefing but prior

---

[3] In response to *Lucia*, the Acting Commissioner of Social Security pre-emptively ratified the appointments of the agency's existing ALJs by approving those appointments as her own "[t]o address any Appointments Clause questions involving Social Security claims." *See* Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) On Cases Pending at the Appeals Council, 84 Fed. Reg. 9582, 9583 (Mar. 15, 2019). The White House also issued an executive order acknowledging that "at least some—and perhaps all—ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause." Exec. Order No. 13,843, 83 Fed. Reg. 32, 755 (July 13, 2018).

3

to the Court's final decision, held that a failure to raise an Appointments Clause challenge during the administrative process did not bar raising it in federal court. 948 F.3d at 159-60. Before *Cirko*, the "vast majority" of district courts—both within this district and elsewhere[4]—found "that a social security claimant may not raise an [A]ppointments [C]lause challenge for the first time upon appeal to a federal court." *Peterman v. Berryhill*, No. 18-13751, 2019 WL 2315016, at *11 (D.N.J. May 31, 2019) (collecting cases); *see also Tobin v. Comm'r of Soc. Sec. Admin.*, No. 19-12810, 2020 WL 4218396, at *7 (D.N.J. July 23, 2020). Plaintiff argues that, having not raised an Appointments Clause challenge during the administrative process, it would have been futile to raise it for the first time before the Court in a pre-*Cirko* era.

To constitute an intervening change in controlling law within the Rule 59(e) context, the new law must be both an "intervening change" and disrupt "controlling law." Courts have refused to acknowledge law as an "intervening change" if it could have been raised before the court's final decision. *See, e.g., Knopick v. Downey*, 963 F. Supp. 2d 378, 390 (M.D. Pa. 2013) (finding a decision decided "prior to this court's . . . order" "cannot be considered a change in controlling law."); *Borough of Lansdale v. PP & L, Inc.*, 503 F. Supp. 2d 730, 743 (E.D. Pa. 2007) (finding no intervening change in controlling law absent relevant authority issued *after* the court's final decision and thus precluding reconsideration on that ground). In addition, to be a change in "controlling law," by definition, the law being transformed must be controlling—i.e., "issued by a court whose decisions must be followed and because the facts make the earlier decision indistinguishable from the case now to be decided." Controlling Law, Black's Law Dictionary

---

[4] *See, e.g., Hodges v. Comm'r of Soc. Sec.*, No. 18-394, 2019 WL 1330847, at *2 (S.D. Ohio Mar. 25, 2019) (noting that the "overwhelming consensus of courts faced with the issue post-*Lucia* have concluded that a social security claimant's failure to present an Appointments Clause challenge to the ALJ results in a forfeiture of the claim at the judicial appeal level.").

(11th ed. 2019); *see also Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *Doe v. Luzerne Cnty.*, No. 08-1155, 2012 WL 1183716, at *3 (M.D. Pa. Apr. 9, 2012) (finding that Third Circuit clarification of the law, rather than altering an existing law, failed to constitute an intervening change in controlling law (citing *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 381 (D.N.J. 2007)). Plainly, Plaintiff fails to show that either decision qualifies as an intervening change in controlling law. The Supreme Court decided *Lucia* in June 2018—nearly a year before Plaintiff appealed the denial of her benefits under the Social Security Act to this Court. Similarly, the Third Circuit decided *Cirko* four months before the Court's Order and Opinion, yet Plaintiff failed to move the Court for supplemental briefing or any other relief in light of the holding in *Cirko*. Further, even if the Third Circuit decided *Cirko* after the Court's Order and Opinion, appellate abrogation of judicial decisions that are not binding in the instant matter are not changes in controlling law. *Doe*, 2012 WL 1183716, at *3.

Turning to whether Plaintiff has presented a case for manifest injustice, the Court concludes that she has. Plaintiff's Motion to Amend or Alter Judgment is "committed to the discretion of the [C]ourt, and [reconsideration's] purpose is to strike the proper balance between finality and justice." *In re Benjamin*, 580 B.R. 115, 117 (Bankr. D.N.J. 2018). Under Rule 59(e), there is no precise standard for what constitutes manifest injustice within this circuit. *Teri Woods Publ'g, L.L.C. v. Williams*, No. 12-4854, 2013 WL 6388560, at *2 (E.D. Pa. Dec. 6, 2013) (noting the Third Circuit "has not definitively circumscribed the 'manifest injustice' standard.")). Instead, some courts provide that manifest injustice exists only if the error is "apparent to the point of being indisputable." *Shnewer v. United States*, No. 13-3769, 2016 WL 4424949, at *6 (D.N.J. Aug. 18,

2016) (quoting *Tri-State Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011)). In attempting to define manifest injustice, district courts have applied the Black's Law Dictionary definition of an error that is "direct, obvious, and observable." *Conway v. A.I. duPont Hosp. for Child.*, No. 04-4862, 2009 WL 1492178, at *7 (E.D. Pa. May 26, 2009).

Here, the Court finds manifest injustice exists in Plaintiff's case for several reasons. *First*, and most importantly, Plaintiff's hearing was conducted before an ALJ that was unconstitutionally appointed and therefore not constitutionally authorized to issue a decision on Plaintiff's benefits application. The Commissioner does not contest otherwise, rendering the error obvious. (*See generally* Def.'s Opp'n Br.) Further, an Appointments Clause challenge raises important issues of separation of powers and individual liberty, and as such, they are "claims for which a hearing on the merits is favored." *Cirko*, 948 F.3d at 155; *see also Engle v. Saul*, No. 20-0323, 2021 WL 1209834, at *3 (E.D. Pa. Mar. 31, 2021) (finding because an Appointments Clause challenge "is not fact sensitive, but purely a legal matter . . . [s]uch a challenge implicates 'both individual constitutional rights and the structural imperative of separation of powers'" (citing *Cirko*, 948 F.3d at 153)). As the Third Circuit has emphasized, there is "need for both the appearance and reality of fair adjudicators appointed impartially under the Appointments Clause." *Cirko*, 948 F.3d at 157.

*Second*, the need to protect Plaintiff's individual rights "is especially acute . . . where, as here, [Plaintiff's] 'physical condition and dependency on the disability benefits' are at issue." *Cirko*, 948 F.3d at 157 (citing *Mathews v. Eldridge*, 424 U.S. 319, 331 (1976)). Plaintiff's social security insured status expired at the end of April 2017 (Pl.'s Moving Br. 6), and the Court acknowledges that social security "proceedings are extremely important to the claimants, who are in real need in most instances and who claim not charity but that which is rightfully due as provided for in Chapter

7, Subchapter II, of the Social Security Act." *Hess v. Sec'y of Health, Educ. and Welfare*, 497 F.2d 837, 840 (3d Cir. 1974). The harm to Plaintiff is therefore clear.

*Third*, the Commissioner fails to provide any harm to the Social Security Administration in allowing Plaintiff's claims to be heard by a constitutional ALJ. Rather, the Commissioner's sole counter is that Plaintiff has not made a timely showing. The Court observes that, in the wake of *Cirko*, numerous other district courts within this circuit found "exceptional circumstances" to allow untimely (albeit, pre-final decision) Appointments Clause challenges in light of the (i) impact of *Cirko* on allowing these challenges to be raised for the first time in federal court, (ii) legal nature of the constitutional issue, (iii) core separation of powers argument, (iv) importance of social security benefits to claimants, and (v) fundamental unfairness of having an unconstitutional disability determination stand.[5] Indeed, some courts *sua sponte* requested supplemental briefing on whether *Cirko* required remand under the Appointments Clause.[6] After a thorough analysis of the equities, these courts found it would be a miscarriage of justice to bar the claimants' constitutional claims as untimely. *Troxell*, 2020 WL 3958274, at *4 (finding that "refusal to reach the issue [of an Appointments Clause challenge] based on forfeiture would result in a miscarriage of justice"). On balance, the Court finds no reason to treat Plaintiff here any

---

[5] *See, e.g.*, *Schaffer v. Saul*, No. 19-1153, 2020 WL 2526938, at *3 (W.D. Pa. May 18, 2020); *Hiben v. Saul*, No. 18-1590, 2020 WL 2571895, at *2-3 (W.D. Pa. May 20, 2020); *Lenz v. Saul*, No. 19-489, 2020 WL 2571902, at *2 (W.D. Pa. May 20, 2020); *Waldor v. Saul*, No. 18-1165, 2020 WL 2557340, at *2 (W.D. Pa. May 20, 2020); *Schultz v. Saul*, No. 19-5754, 2020 WL 7640474, at *4 (D.N.J. Dec. 23, 2020). *But see Kathrine R. v. Kijakazi*, No. 19-334, 2021 WL 3854431, at *3 (E.D. Wash. Aug. 27, 2021) (finding plaintiff had "plenty of case history" within her district to "raise an Appointments Clause challenge," and failure to do so "result[s] in issue preclusion.").

[6] *See, e.g.*, *Grant v. Saul*, No. 19-2555, 2020 WL 977323, at *2-3 (E.D. Pa. Feb. 28, 2020); *Troxell v. Comm'r of Soc. Sec. Admin.*, No. 18-1793, 2020 WL 3958274, at *2 (E.D. Pa. July 13, 2020); *Denicola v. Comm'r of Soc. Sec.*, No. 19-1705, 2021 WL 735853, at *1-2 (M.D. Pa. Feb. 25, 2021); *Engle*, 2021 WL 1209834, at *2.

differently than these other similarly situated claimants. *See id.* (finding "there is a more general concern about the public perception of fairness. Many other social security litigants have received remands based on an Appointments Clause lapse no different in kind or severity than the error in this case." (internal quotations omitted)).

The Court finds, therefore, that on the facts of this case it would be a manifest injustice to deny Plaintiff an opportunity to raise a meritorious constitutional challenge. Having reached the merits of Plaintiff's Appointments Clause claim, the Court finds that she is "entitled to the adjudication of her claim by an ALJ who is constitutionally appointed." *Schultz*, 2020 WL 7640474, at *5 (first citing *Lucia*, 138 S.Ct. 2044; then citing *Cirko*, 948 F.3d at 155-56). Here, it is undisputed that Plaintiff's hearing occurred on December 19, 2017, and her benefits were denied on April 27, 2018. Both events occurred before the Commissioner reappointed the agency's ALJs. Thus, Plaintiff's Appointments Clause challenge is meritorious.

## IV. CONCLUSION

For the foregoing reasons, the Court will exercise its discretion and grant Plaintiff's Motion to Alter or Amend the Judgment. Because the ALJ was improperly appointed during Plaintiff's proceedings, the Commissioner's final decision is therefore reversed, and this matter is remanded for further proceedings before a different, constitutionally appointed ALJ. *See Charran v. Saul*, 509 F. Supp. 3d 80, 87 (D.N.J. 2020). The Court will enter an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE